UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RODNEY MALONEY,                                )
        Plaintiff                          )
                                               )
                                               )
                                               )
        v.                                 )   Civil Action No. 11-11297-MAP
                                               )
                                               )
                                               )
TOWN OF HINSDALE, PAUL TROVA,                  )
BRUCE MARSHALL,                                )
KATHERINE CORMIER,                             )
CHRISTOPHER POWELL,                            )
PATRICIA DRISCOLL, DAVID BUELL,                )
AND MASSACHUSETTS STATE                        )
POLICE,                                        )
        Defendants                         )

REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANT
MASSACHUSETTS STATE POLICE'S MOTION TO DISMISS (Document No. 11)
August 10, 2012

NEIMAN, U.S.M.J.

This action concerns the termination of Rodney Maloney ("Plaintiff") from his employment as a Town of Hinsdale police officer, which he alleges occurred without cause and without due process. Plaintiff's complaint names as defendants the Town of Hinsdale, former town selectmen Paul Trova, Bruce Marshall, and Katherine Cormier, and the Chief of the Hinsdale Police Department, Christopher Powell ("Chief Powell"). Initially, the complaint also named as defendants Patricia Driscoll ("Driscoll") and David Buell ("Buell"), officers within the State Police Department, but their motion to dismiss all claims against them was unopposed and granted on June 12, 2012. As to the

remaining defendants, Plaintiff alleges a conspiracy to terminate him in a manner that circumvented requisite procedural safeguards.

Presently before the court is the Massachusetts State Police Department (the "State Police Department")'s motion to dismiss all claims asserted against it, which motion has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). The motion is brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for, respectively, lack of subject-matter jurisdiction and failure to state a claim for which relief can be granted. For the reasons set forth below, the court will recommend that the motion to dismiss be allowed.

## I. BACKGROUND

According to Plaintiff, he was suspended without pay on July 17, 2008, after an individual wrongly filed a complaint of sexual harassment against him. Plaintiff alleges that State Police officers Driscoll and Buell were responsible for investigating the merits of this complaint and that they were persistent in pursuing criminal charges against him even after their investigation revealed that the allegations were "objectively baseless." (Complaint ¶ 43). Plaintiff admits that, initially, Driscoll and Buell spoke with a relative of the alleged victim who told them that the alleged sexual harassment had indeed taken place. However, Plaintiff contends that they later spoke with the alleged victim directly and that she "offered supportive statements about Plaintiff." *Id.* ¶ 42.

Continuing, Plaintiff asserts that, in spite of a lack of support for the allegations against him, he was charged with indecent assault and arraigned on November 12, 2008. Two days later, he received a letter from Chief Powell requesting the return of all

his job-related equipment. Although the exact date of Plaintiff's termination is unclear, this letter seemingly represented the point at which he was notified that his suspension without pay had devolved into a termination. Plaintiff further avers that, following a criminal trial, he was acquitted of all charges but that the accompanying negative publicity brought him significant mental distress.

Plaintiff's complaint contains eight counts. Interestingly enough, the State Police Department is not expressly named in any of these counts, and much of the parties' briefs focus on whether the State Police Department could be deemed named in any of them by logical deduction or inference. The counts include the following: violation of the Federal Civil Rights Act (Counts I - IV); breach of implied contract (Count V); malicious prosecution/abuse of process (Count VI); violation of Mass. Gen. L. c. 268A, § 25 (Count VII); and intentional/negligent infliction of mental distress (Count VIII).

In its motion to dismiss, the State Police Department contends that it is entitled to assert sovereign immunity from suit pursuant to the Eleventh Amendment of the United States Constitution and that, even if it is not entitled to immunity, Plaintiff has failed to state any legal claim for which relief can be granted.

II. STANDARDS OF REVIEW

When faced with either a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction or a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Negron-Gaztambide v. Hernandez-Torres*, 35 F.3d 25, 27 (1st Cir. 1994). Moreover,

3

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Sepulveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 28 (1st Cir.2010). The Supreme Court has made clear that, under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint that states a plausible claim for relief, on its face, will survive a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009). The Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

### III. DISCUSSION

A. State Police Department's Alleged Failure to Comply with Federal and Local Rules

In his opposition to the motion to dismiss, Plaintiff initially argues that it should be denied because of the State Police Department's noncompliance with Fed. R. Civ. P. 5(d)(1) and Local Rule 7.1(a)(2). The court disagrees. First, Rule 5(d)(1) was not violated, as Plaintiff alleges, because the originating motion does contain a proper certificate of service. Second, while there may be some merit to Plaintiff's argument that the State Police Department may have violated the strictures of Local Rule 7.1(a)(2), a violation of the rule does not *necessitate* summary denial. *See Blanchard v. Swaine*, 2010 WL 4922699 at *5 (D. Mass. Nov. 29, 2010) (declining to issue summary denial of a motion to strike that violated Local Rule 7.1(a)(2) and instead evaluating the parties' substantive arguments on the motion). As in *Blanchard*,

4

conferral between the parties here would have been unlikely to resolve or narrow the issues in contention and, as borne out, Plaintiff would have opposed the motion to dismiss in any event. In short, the purported rule violation is an insufficient reason to deny the State Police Department's motion to dismiss.

B. <u>State Police Department's Sovereign Immunity Defense</u>

The State Police Department has moved to dismiss all claims against it, asserting that it is entitled to sovereign immunity and that this court accordingly lacks subject matter jurisdiction over the action. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). The concept of states' sovereign immunity is thoroughly entrenched in "history, practice, precedent, and the structure of the Constitution" and, in the absence of a state's express consent, generally confers immunity from private suit in both federal courts and the state's own courts. *See generally Alden v. Maine*, 527 U.S. 706 (1999) (discussing fundamental principles and remarking that "the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment"). As implied, sovereign immunity will not bar a lawsuit if a state has expressly consented to the type of suit in question, for example, via statute. *Id.* at 755-56.

As an initial matter, it is well-established that states are entitled to sovereign immunity from any claims arising under 42 U.S.C. § 1983. *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 345 (1979). It is also undisputed that the State Police Department is an arm of the Commonwealth. *See Santiago v. Keyes*, 839 F. Supp. 2d 421, 427 (D. Mass. 2012). Accordingly, the court will recommend that, to the extent that Plaintiff

5

asserts any § 1983 claims against the State Police Department, such claims be dismissed.

With regard to Plaintiff's state law claims, the State Police Department argues that it has not expressly waived sovereign immunity with respect to any of the potential causes of action in the present matter. Plaintiff simply answers that, as a public employer, the State Police Department has expressly waived sovereign immunity under the Massachusetts Tort Claims Act ("MTCA") and, relatedly, can be liable for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any public employee acting within the scope of his office or employment." (Pl. Mem. at 2 (quoting Mass. Gen. Laws c. 258, § 2)).

As the MTCA is the only extant source of law cited by Plaintiff on this issue, his argument, if accurate, would only support the notion that the State Police Department's sovereign immunity has been waived with regard to his few claims sounding in tort. (Counts VI and VIII.) However, while the Commonwealth has waived its sovereign immunity pursuant to the MTCA, it did so only for suits brought *in its own courts*. *See, e.g.*, *Rivera v. Com. of Mass.*, 16 F. Supp. 2d 84, 88 (D. Mass. 1998) ("[T]he Commonwealth has not waived its immunity from suit in federal court as to tort claims and therefore this Court lacks jurisdiction—either original or supplemental—over [an MTCA claim] against the Commonwealth."). The instant suit was commenced in this forum. Thus, the court finds the State Police Department Plaintiff is entitled to sovereign immunity as to all of Plaintiff's claims and, accordingly, the State Police Department's motion to dismiss should be allowed in full.

C. <u>Plaintiff's Failure to State a Claim for Which Relief can be Granted</u>

Should the above recommendation of dismissal on the grounds of sovereign immunity not be adopted, the court recommends that the motion to dismiss nonetheless be allowed for failure to state a claim.

First, Counts I through IV rely on Section 1983 and, as previously described, it is well-settled that private parties cannot seek relief against a state under that statute. Second, Counts V and VII pertain to Plaintiff's contract claim against his employer and his further claim that proper suspension protocol was not followed, neither of which are relevant to the State Police Department. Third, Counts VI and VIII allege causes of action for malicious prosecution and abuse of process and intentional or negligent infliction of mental distress, respectively, none of which are viable under the MTCA with the exception of Plaintiff's claim for negligent infliction of mental distress. *See* Mass. Gen. Laws c. 258, § 10 ("[The MTCA] shall not apply to . . . any claim arising out of an intentional tort, including . . . intentional mental distress, malicious prosecution [or] malicious abuse of process . . . ."). The court therefore will recommend dismissal of Counts I through VII, as well as Count VIII to the extent it claims the State Police Department intentionally inflicted mental distress on Plaintiff.

As for the only claim that could potentially survive against the State Police Department, Plaintiff's claim of negligent infliction of emotional distress, the court believes that dismissal of that claim is also warranted. First, Plaintiff's complaint includes only threadbare allegations regarding the State Police Department; beyond naming it within the heading of his complaint and the generic party identification

7

segments therein, Plaintiff never refers to the State Police Department with any specificity elsewhere in his complaint. To be sure, in his opposition to the motion to dismiss, Plaintiff argues that—by identifying Driscolll and Buell as State Police officers and discussing their handling of the investigation of the alleged sexual harassment—he has sufficiently placed the State Police Department on notice of the basis for his suit. Driscoll and Buell, however, were only named as defendants in their individual, not official, capacities and the inference Plaintiff wishes the court to draw is inappropriate.

Second, entirely absent from the pleadings is any mention of MTCA language that may trigger tort liability for public employers (this was only raised in Plaintiff's opposition to the present motion) or any argument that the State Police Department should be held vicariously liable for Driscoll's and Buell's actions. In sum, the court does not believe that Plaintiff has sufficiently stated any cause of action against the State Police Department.

## IV. CONCLUSION

For the reasons stated, the court recommends that the State Police Department's motion to dismiss be ALLOWED.[1]

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-

DATED: August 10, 2012

        /s/   Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.